UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Jacqueline R. M.,                                          Civ. No. 19-2586 (PAM/DTS)

                Plaintiff,

v.                                                       **MEMORANDUM AND ORDER**

Andrew M. Saul, Commissioner
of Social Security,

                Defendant.

---

This matter is before Court on the parties' cross-Motions for Summary Judgment. For the following reasons, Plaintiff's Motion is denied and Defendant's Motion is granted.

**BACKGROUND**

Plaintiff Jacqueline R. M. filed applications for disability insurance benefits and supplemental security income benefits in June and August 2016, respectively, alleging that she has been disabled since May 31, 2016. Plaintiff claims multiple physical disabling conditions, including pudendal neuropathy, pain and limited mobility in her back, neck, and shoulders, exacerbated by a May 2017 car accident, and fibromyalgia and chronic pain syndrome. She also claims mental impairments, including major depressive disorder, anxiety disorder, and somatic symptom disorder.

An individual is considered disabled for purposes of Social Security disability benefits if she is "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than

twelve months." 42 U.S.C. § 1382c(a)(3)(A).  In addition, an individual is disabled "only if [her] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." Id. § 1382c(a)(3)(B). "[A] physical or mental impairment is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." Id. § 1382c(a)(3)(D).

The Commissioner has established a sequential, five-step evaluation process to determine whether an individual is disabled. 20 C.F.R. § 416.920(a)(4). At step one, the claimant must establish that he is not engaged in any "substantial gainful activity." Id. § 416.920(a)(4)(i). If he is not, the claimant must then establish that he has a severe medically determinable impairment or combination of impairments at step two. Id. § 416.920(a)(4)(ii). At step three the Commissioner must find that the claimant is disabled, if the claimant satisfies the first two steps and the claimant's impairment meets or is medically equal to one of the listings in 20 C.F.R. Part 404, Subpart P, App'x 1. Id. § 416.920(a)(4)(iii). If the claimant's impairment does not meet or is not medically equal to one of the listings, the evaluation proceeds to step four. The claimant then bears the burden of establishing his residual functional capacity ("RFC") and proving that he cannot perform any past relevant work. Id. § 416.920(a)(4)(iv); Young v. Apfel, 221 F.3d 1065, 1069 n.5 (8th Cir. 2000). If the claimant proves he is unable to perform any past relevant work, the burden shifts to the Commissioner to establish at step five that the claimant can

2

perform other work existing in a significant number of jobs in the national economy. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). If the claimant can perform such work, the Commissioner will find that the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(v).

The Administrative Law Judge ("ALJ") determined after a hearing that many of the impairments Plaintiff claims are severe: bilateral shoulder impingement syndrome with degenerative joint disease, cervical and lumbar degenerative disc disease status post lumbar surgery, chronic pain syndrome, fibromyalgia, myofascial pain syndrome, bilateral carpal tunnel syndrome, right hand DeQuervain's tenosynovitis, pudendal neurophathy, major depressive disorder, generalized anxiety disorder, and somatic symptom disorder. (Admin. R. at 14.) The ALJ also noted that Plaintiff suffered from a host of non-severe impairments that did not impose any functional restrictions, including obesity, prediabetes, dermatitis, sleep apnea, and asthma. (Id.)

The ALJ then determined that none of Plaintiff's severe impairments met or medically equaled the requirements of listed impairments. (Id. at 14-17.) The ALJ found that Plaintiff's residual functional capacity ("RFC") allowed her to perform work that exists in significant numbers in the national economy. (Id. at 17.) After a thorough discussion of the medical evidence in the record, the ALJ determined that Plaintiff was not disabled. (Id. at 30.)

Plaintiff brought this lawsuit under 42 U.S.C. § 405(g), after the Appeals Council affirmed the ALJ's determination that she was not disabled. Plaintiff contends that the ALJ erred in determining that her severe impairments are not disabling. She argues that substantial evidence does not support the ALJ's RFC, and that the ALJ erred in declining

3

to give weight to certain medical sources. Plaintiff asks the Court to either award benefits or remand the case to the ALJ for a full consideration of the medical evidence.

**DISCUSSION**

The Court's review of the Commissioner's decision is limited to determining whether that decision is "supported by substantial evidence on the record as a whole." McKinney v. Apfel, 228 F.3d 860, 863 (8th Cir. 2000). "Substantial evidence . . . is more than a mere scintilla." Biestek v. Berryhill, 139 S. Ct. 1148, 1154 (2019) (quotation omitted). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). This "threshold . . . is not high." Id. "If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the [ALJ's] findings, the court must affirm the [ALJ's] decision." Perks v. Astrue, 687 F.3d 1086, 1091 (8th Cir. 2012) (quotation omitted).

The ALJ determined that although Plaintiff could not return to her past work as a child-care provider, Plaintiff had the residual functional capacity ("RFC") to perform sedentary work, with some restrictions. Plaintiff contends that the RFC determination is not supported by substantial evidence in the record. She outlines what she considers to be relevant medical opinions and argues that the ALJ should have given those opinions more weight than he did.

But while Plaintiff disagrees with the ALJ's conclusions, she cannot dispute that there is substantial evidence in the record that supports those conclusions. The ALJ very thoroughly discussed all relevant medical evidence. (Admin. R. at 18-28.) Moreover, the

4

ALJ noted the weight he gave to Plaintiff's providers' opinions and offered specific reasons for his decisions in that regard. (E.g., id. at 28 (explaining inconsistencies in opinions of Dr. Van Noord).) His decisions regarding the weight to be given Plaintiff's proffered medical opinions are not contrary to the law and are supported by substantial evidence. Indeed, with regard to the opinions of physician assistant Matthew Hawkins and physical therapist Nathan Ryan, the regulations in effect at the time of Plaintiff's application provided that these individuals did not qualify as acceptable medical sources. 20 C.F.R. §§ 404.1502(a), 416.902(a) (defining acceptable medical source); see also id. §§ 404.1502(a)(8), 416.902(a)(8) (providing that physician assistants are not acceptable medical sources for applications filed before March 27, 2017). The ALJ did not err in declining to give weight to these opinions.

Although several of Plaintiff's medical providers opined that she was unable to work, the ALJ noted that these opinions were based almost solely on Plaintiff's subjective complaints and symptom reports, rather than on testing or other objective medical findings. (See Admin. R. at 28 (outlining discrepancy between Dr. Mauer's opinion that Plaintiff was totally disabled and her exam findings of normal gait and functional strength).) He quite properly discounted those opinions in light of other evidence in the record indicating that Plaintiff's limitations were not as severe as her complaints indicated. The ALJ's RFC and decisions regarding the weight to be given the medical evidence are supported by substantial evidence in the record.

**CONCLUSION**

Substantial evidence in the record supports the Commissioner's decision to deny benefits here. Accordingly, **IT IS HEREBY ORDERED that**:

1. Plaintiff's Motion for Summary Judgment (Docket No. 12) is **DENIED**; and

2. Defendant's Motion for Summary Judgment (Docket No. 14) is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Date:  April 10, 2020                                  *s/Paul A. Magnuson*
                                                                      Paul A. Magnuson
                                                                      United States District Court Judge